UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| JENNIFER R. BROUWER, | ) |
| Plaintiff, | ) Case: 3:22-cv-02050 |
| v. | ) |
| BLISS HAVEN, INC., | ) |
| Defendant. | ) Jury Trial Demanded |

# COMPLAINT

Plaintiff, Jennifer R. Brouwer ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Bliss Haven, Inc. ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") and Illinois Human Rights Act (775 ILCS5/) ("IHRA") seeking redress for Defendant's failure to provide reasonable accommodations under the ADA, and also terminating Plaintiff's employment on the basis of her disability and in retaliation for her attempt to assert her rights under the ADA and IHRA when Plaintiff requested a reasonable accommodations.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

3. Venue of this action properly lies in the Southern District of Illinois, Benton Division, pursuant to 28 U.S.C. § 1391(b) insofar as Defendant operates and transacts business

in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4.      This Court has pendent jurisdiction and supplementary jurisdiction of Count II and Count IV through 28 U.S.C. Sec. 1367.

## ADMINISTRATIVE PREREQUISITES

5.      All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, have occurred or been complied with.

6.      A charge of employment discrimination on basis of disability discrimination and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR"). (Attached hereto as Exhibit "A.").

7.      Notification of the Right to Sue was received from the EEOC on August 10, 2022. (Attached hereto as Exhibit "B").

8.      Notification of the Right to Sue was received from the IDHR on July 6, 2022. (Attached hereto as Exhibit "C").

9.      This Complaint has been filed within the 90 days of receipt of EEOC's Dismissal and Notice of the Right to Sue.

## PARTIES

10.     At all times material to the allegations of this Complaint, Plaintiff, Jennifer R. Brouwer, resides in Franklin County in the State of Illinois.

11.     At all times material to the allegations in this Complaint, Defendant, Bliss Haven, Inc., is a corporation doing business in and for Williamson County whose address is 1508 Benton Avenue, Johnston City, IL 62951.

12.     Plaintiff was employed by Defendant as an "employee" within the meaning of

ADA, 42 U.S.C. § 12111(4).

13. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## BACKGROUND FACTS

14. Plaintiff was hired by Defendant on or around November 1, 2021.

15. Plaintiff is "qualified individual" as defined under the ADA.

16. From the beginning to the end of Plaintiff's employment, Plaintiff was subjected to disparate treatment, discriminatory conduct, and retaliatory conduct based upon his disabilities.

17. Ultimately, Plaintiff was unlawfully terminated effective January 1, 2022

18. Since Plaintiff's first day of work on November 1, 2021 through January 11, 2022 Defendant subjected her to different terms and conditions of employment that others not within her protective class because of her disability.

19. At the time of Plaintiff's hire, she informed her direct supervisor, Missy Bittle, that she has a tumor around the optical nerve near her brain.

20. Plaintiff explained to her Supervisor, Bittle, that she may have potential blackouts at any time.

21. Defendant advised Plaintiff that, "as long as the doctors think you are okay to work, it's fine."

22. On or around November 15, 2021, Plaintiff passed out at work as a result of an episodic seizure due to Plaintiff's disability.

23. Thereafter, her supervisor sent Plaintiff home.

24. Plaintiff was able to work her normal shift the next day without restrictions.

25. On or around December 23, 2021, Plaintiff had another episodic seizure at home. Which resulted in an injury to Plaintiff's head.

26. On or around December 24, 2021, Plaintiff went to work but became increasingly dizzy throughout the day.

27. On or around December 27, 2021 and December 28, 2021, Plaintiff continued to feel dizzy at work, and on or around December 28, 2021, Plaintiff opted to go to the hospital after work.

28. Plaintiff determined and was advised by the doctors not return to work until a diagnosis by a neurosurgeon.

29. Plaintiff provided the supervisor with a doctor's note to stay out of work for 2 weeks or 10 days.

30. On or around December 29, 2021, Manager, Patty Morgan, came to Plaintiff's house personally to pick up the medical note.

31. On or around January 11, 2022, Plaintiff returned to work, but shortly after arrival she was called into Supervisor Bittle's office where she was told, "take care of your medical condition, go on unemployment, whatever you need to do and we will discuss your position in the future."

32. Plaintiff advised Defendant that she was on medical leave due to her disability, but was okay to continue working.

33. Defendant's actions were effectively a termination for Plaintiff having a disability.

34. Regardless of Plaintiff's disability, she was qualified to perform the essential functions of the job, with or without reasonable accommodation, but Defendant did not engage in

an interactive process to determine the appropriate accommodation under the circumstances and as required by the ADA.

35. The purported justification for termination was unlawful discrimination based on disability or because Defendant perceived Plaintiff as disabled.

**COUNT I**
**Violations of the Americans with Disabilities Act ("ADA")**
**Disability Discrimination**

36. Plaintiff repeats and realleges paragraphs 1 through 35 as though fully set forth herein.

37. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

38. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

39. Plaintiff is a member of a protected class under the ADA, due to her disability.

40. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

41. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
**Violations of the Illinois Human Rights Act (775 ILCS5/) ("IHRA")**
**Disability Discrimination**

42. Plaintiff repeats and realleges paragraphs 1 through 35 as though fully set forth herein.

43. This Court has pendent jurisdiction and supplementary jurisdiction of this count through 28 U.S.C. Sec. 1367.

44. Plaintiff was and is an individual with a disability within the meaning of the IHRA at all times relevant to this lawsuit.

45. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and discriminated against Plaintiff of the basis of her disability in violation of the IHRA.

46. Defendant's acts were intentional, with malice, and in violation of Plaintiff's protected rights.

47. Defendant's acts were willful and in reckless disregard of Plaintiff's protected rights.

48. Defendant knew, or should have known of the unlawful discrimination.

49. Plaintiff has suffered emotional pain and mental anguish as a direct result of Defendant's unlawful discrimination.

50. Plaintiff has suffered pecuniary losses as a direct result of Defendant's unlawful discrimination.

51. Plaintiff has been damaged and continues to be damaged by Defendant's illegal conduct and discriminatory actions.

52. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under the IHRA.

## COUNT III
### Violations of the Americans with Disabilities Act
### Retaliation

53. Plaintiff repeats and realleges paragraphs 1 through 35 as though fully set forth herein.

54. Defendant terminated Plaintiff's employment in retaliation for engaging in a protected activity in violation of the ADA.

55. By virtue of the conduct alleged herein, Defendant intentionally retaliated against Plaintiff based on her disability, in violation of the ADA.

56. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

57. Plaintiff is a member of a protected class under the ADA, due to her disability.

58. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

59. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT IV
**Violations of the Illinois Human Rights Act (775 ILCS5/) ("IHRA")**
**Retaliation**

60. Plaintiff repeats and realleges paragraphs 1 through 35 as though fully set forth herein.

61. This Court has pendent jurisdiction and supplementary jurisdiction of this count through 28 U.S.C. Sec. 1367.

62. Plaintiff was and is an individual with a disability within the meaning of the IHRA at all times relevant to this lawsuit.

63. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and retaliated against Plaintiff of the basis of her disability in violation of the IHRA.

64. Defendant's acts were intentional, with malice, and in violation of Plaintiff's protected rights.

65. Defendant's acts were willful and in reckless disregard of Plaintiff's protected rights.

66. Defendant knew, or should have known of the unlawful retaliation.

67. Plaintiff has suffered emotional pain and mental anguish as a direct result of Defendant's unlawful retaliation.

68. Plaintiff has suffered pecuniary losses as a direct result of Defendant's unlawful retaliation.

69. Plaintiff has been damaged and continues to be damaged by Defendant's illegal conduct and retaliatory actions.

70. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under the IHRA.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a.    Back pay with interest;

    b.    Payment of interest on all back pay recoverable;

    c.    Front pay;

    d.    Loss of benefits;

    e.    Compensatory and punitive damages;

    f.    Reasonable attorneys' fees and costs;

    g.    Award pre-judgment interest if applicable; and

    h.    Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 1st day of September, 2022.

    /s/ *Nathan C. Volheim*
    **NATHAN C. VOLHEIM, ESQ.**
    **CHAD EISENBACK, ESQ.**
    **SULAIMAN LAW GROUP LTD.**
    2500 S. Highland Avenue, Suite 200
    Lombard, Illinois 60148
    Phone (630) 568-3056
    Fax (630) 575 - 8188
    nvolheim@sulaimanlaw.com
    ceisenback@sulaimanlaw.com
    *Attorneys for Plaintiff*