UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | | |
|---|---|---|
| JENNIFER R. BROUWER, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 3:22-cv-02050 |
| | ) | |
| v. | ) | |
| | ) | |
| BLISS HAVEN, INC., | ) | |
| | ) | |
| Defendant. | ) | Jury Trial Demanded |
| | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Jennifer R. Brouwer ("Plaintiff"), by and through the undersigned counsel, hereby submits this opposition to Defendant's 12(b)(6) Motion to Dismiss ("Defendant's Motion"), and in support states as follows:

**INTRODUCTION**

Plaintiff filed her lawsuit seeking redress for Defendant's violations of the Americans with Disabilities Act of 1990, as amended, ("ADA") and Illinois Human Rights Act (775 ILCS5/) ("IHRA"). Specifically, Plaintiff alleges that Defendant violated the ADA and IHRA by (1) terminating Plaintiff's employment on the basis of her disability and (2) in retaliation for her attempt to assert her rights under the ADA and IHRA.

Defendant's Motion demonstrates its misunderstanding of the standard of review for a motion to dismiss and more importantly the "incorporation by reference doctrine." As set forth below, Defendant's Motion improperly asserts evidentiary arguments, which are wholly inappropriate at the pleading stage. Simply put, Defendant's Motion reads like a Motion for

1

Summary Judgment and not a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss. Unfortunately for Defendant, we are at the pleading stage and all the arguments raised in its Motion are inappropriate. For the reasons set forth herein, Defendant's Motion should be denied as a matter of law and the evidence entered should be stricken.

## I. STANDARD OF REVIEW

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). If it only offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," the complaint fails to satisfy the pleading requirements and dismissal is appropriate. *Id.,* quoting *Twombly*, 550 U.S. at 555. When evaluating a motion to dismiss under Rule 12(b)(6), a court must accept as true all the well-pleaded material facts and must draw all reasonable inferences from those facts in the light most favorable to the pleader. *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir. 1991).

## II. ARGUMENT

### A. DEFENDANT'S RELIANCE ON THE INCORPORATION BY REFERENCE DOCTRINE IS IMPROPER.

The incorporation-by-reference doctrine provides that if a plaintiff mentions a document in his complaint, the defendant may then submit the document to the court without converting defendant's 12(b)(6) motion to a motion for summary judgment." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). Plaintiff recognizes that it is well settled that in deciding a Rule 12(b)(6) motion, a court may consider "documents attached to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to his claim." *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). In effect, the incorporation-by-

reference doctrine provides that if a plaintiff mentions a document in his complaint, the defendant may then submit the document to the court without converting defendant's 12(b)(6) motion to a motion for summary judgment. *Id.*

Here, Defendant improperly invokes the incorporation-by-reference doctrine by introducing documents that are not referenced in the Complaint. Specifically, Defendant invokes the incorporation by reference doctrine by injecting the job posting, Defendant's Employee Handbook, a Drug and Alcohol Zero Tolerance Policy, Written Warning from the Defendant to the Plaintiff, and a January 11, 2022 Performance Evaluation into its response. (Dkt. 10-1 through 10-5, Exhibits A-E). Unfortunately for Defendant, none of Plaintiff's allegations reference any of the documents that Defendant attempts to inject into its response through the incorporation-by-reference doctrine. Given that a plain reading of Plaintiff's Complaint demonstrates that Plaintiff did not remotely reference the aforementioned documents, Defendant's invocation of the incorporation-by-reference doctrine must fail as a matter of law. Accordingly, the Court should not and cannot consider the job posting, Defendant's Employee Handbook, a Drug and Alcohol Zero Tolerance Policy, Written Warning from the Defendant to the Plaintiff, or the January 11, 2022 Performance Evaluation in deciding Defendant's Motion. (Dkt. 10-1 through 10-5, Exhibits A-E).

Once the Court declines to consider the documents that Defendant attempted to improperly introduce, it become obvious that Plaintiff's allegations are sufficient to sustain claims under the ADA and IHRA. Specifically, to state a claim under the ADA[1], Plaintiff must allege (1) the

---

[1] The IHRA and ADA elements are nearly identical so the analysis of the ADA and IHRA Counts are the same. To establish a prima facie case of disability discrimination under the IHRA, a plaintiff is required to prove: (i) she was disabled within the definition of the IHRA; (ii) her disability is unrelated to her ability to perform the functions of the job she was hired to perform; and (iii) an adverse job action was taken against her related to her disability. *Kreczko v. Triangle Package Mach. Co*., 2016 IL App (1st) 151762, ¶ 37, 403 Ill. Dec. 433, 441, 53 N.E.3d 1070, 1078.

plaintiff was disabled; (2) the plaintiff was otherwise qualified to perform essential functions with or without reasonable accommodation; and (3) disability was the 'but for' cause of the adverse employment action." *Castetter v. Dolgencorp, LLC*, 953 F.3d 994, 996 (7th Cir. 2020) (citing *Scheidler v. Indiana*, 914 F.3d 535, 541 (7th Cir. 2019)).

Here, a plain reading of the Complaint demonstrates that Plaintiff has adequately pled an ADA and IHRA discrimination claim. (Dkt. 1, ¶1-70). Specifically, Plaintiff alleges that she is disabled because she has a tumor around the optical nerve near her brain and she may have potential blackouts at any time. (Dkt. 1, ¶19-20).

Second, Plaintiff was otherwise qualified to perform the essential functions of her job with or without reasonable accommodation because Defendant was fully aware of the Plaintiff's risks of have episodes related to her disability upon hiring. (Dkt. 1, ¶19). With that in mind, the Court could infer that Defendant decided that Plaintiff could meet Defendant's expectations performance-wise and safety-wise upon hiring despite having episodes related to her disability. Defendant's argument that Plaintiff could not perform the essential functions of her job is 1) a material fact dispute, which is more appropriate for summary judgment; and 2) if Defendant did have concerns of whether Plaintiff was meeting her job expectations, Defendant had a duty to engage in the interactive process to determine appropriate accommodations under the circumstances. Accordingly, Plaintiff is entitled to prove through discovery that she was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation.

Lastly, Plaintiff would not have been terminated but for her disability. In other words, Plaintiff's well-pled facts are sufficient to infer that if Plaintiff was not disabled then she would not have been terminated. (Dkt. 1, ¶32-34).

In regard to Plaintiff's retaliation claim under ADA and IHRA[2], under the burden-shifting framework a plaintiff must first establish that: (1) she engaged in statutorily protected activity; (2) she was performing her job satisfactorily; and (3) she was singled out for an adverse employment action that similarly situated employees who did not engage in protected activity did not suffer. *Rowlands v. UPS*, 901 F.3d 792, 794 (7th Cir. 2018).

Here, a plain reading of the Complaint demonstrates that Plaintiff has adequately pled an ADA and IHRA retaliation claim. Plaintiff alleges the she engaged in protected activity by disclosing her disability to Defendant (Dkt. 1, ¶19), requesting reasonable accommodations by requesting to be off for two weeks when Defendant accepted Plaintiff's doctor's note (Dkt. 1, ¶29-30), and when Plaintiff advised Defendant that she was on medical leave due to her disability, but was okay to continue working. (Dkt. 1, ¶32). Notably, the Court can infer that Defendant provided the leave as a reasonable accommodation and only after she returned she was terminated for seeking such accommodation.

Plaintiff fully intends to prove that other employees outside of her protected class were provided unpaid leave and the reason she was singled out was because of her need for similar accommodations. Nonetheless, Plaintiff's well-pled facts are sufficient to infer that Plaintiff's termination was also in retaliation for disclosing her disability and requesting for accommodations.

### III.  CONCLUSION

Plaintiff has sufficiently pled her claims in her Complaint to establish a prima facie case for Counts I-IV and therefore, respectfully requests this Court to deny Defendant's Motion to Dismiss Plaintiff's Complaint.

---

[2] The necessary elements for retaliation claims under the two statutes are the same. See *Hoffelt v. Ill. Dep't of Human Rights*, 367 Ill. App. 3d 628, 867 N.E.2d 14, 17-18, 310 Ill. Dec. 701 (Ill. Ct. App. 2006) (employment discrimination claims under the IHRA are analyzed using the same framework as claims under [ADA]); *Zaderaka v. Ill. Human Rights Comm'n*, 131 Ill. 2d 172, 545 N.E.2d 684, 687, 137 Ill. Dec. 31 (Ill. 1989).

Dated this 23rd day of November, 2022.

/s/ *Chad W. Eisenback*
**Chad W. Eisenback, ESQ.**
**Nathan C. Volheim, ESQ.**
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
nvolheim@sulaimanlaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of November, 2022, I electronically filed a true and correct copy of the foregoing by using this Court's CM/ECF system, effecting service upon all parties of record.

/s/ *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**