IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JENNIFER R. BROUWER,<br><br>**Plaintiff,**<br><br>v.<br><br>BLISS HAVEN, INC.,<br><br>**Defendant.** | Case No. 3:22-CV-02050 |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court for consideration of Defendant Bliss Haven, Inc.'s Motion to Dismiss (Doc. 10) relevant to all Counts of Plaintiff Jennifer Brouwer's Complaint (Doc. 1). Having been fully informed of the issues presented, this Court grants in part and denies in part Bliss Haven, Inc.'s Motion to Dismiss.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Jennifer Brouwer is a former employee of Defendant Bliss Haven Inc. Brouwer's original complaint was filed on September 1, 2022, in the Southern District of Illinois. In Brouwer's complaint, she asserted four (4) claims directed at Bliss Haven. Counts I and II are disability discrimination claims, the first under the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 et seq., "ADA") and the second under the Illinois Human Rights Act (775 ILCS5/, "IHRA"). Counts III and IV are retaliation claims, under the ADA and IHRA respectively. On October 28, 2022, Bliss Haven filed a Motion to Dismiss for Failure to State a Claim (Doc. 10). On November 23, 2022, Brouwer responded (Doc. 12).

The relevant facts, which come nearly exclusively from Brouwer's original complaint (Doc. 1) are as follows: Brouwer alleges that she was hired on or around November 1, 2021, and is a qualified individual under the ADA (Doc 1, ¶ 14-15). Brouwer alleges that she was unlawfully terminated, subjected to different terms and conditions of employment than others not in her protected class because of her disability, and suffered from retaliatory conduct (*Id.* at ¶¶ 16-18). Furthermore, when Brouwer was hired she claims she told her supervisor that she had a brain tumor that would cause her to have potential blackouts to which her supervisor responded, "as long as the doctors think you are okay to work, it's fine" (*Id.* at ¶¶ 19-21).

During the two months that Brouwer worked for Bliss Haven, she had one episodic seizure at work that caused her to pass out and another at home causing her to injure her head (Doc. ¶¶ 22-25). Following her second episode, Brouwer went to the hospital and was told by doctors to stay out of work for two weeks until she was diagnosed by a neurosurgeon (*Id.* at ¶¶ 27-28). Brouwer gave Bliss Haven a doctor's note to stay out of work for two weeks, but when she returned to work on or around January 11, 2022, she was terminated (*Id.* at ¶¶ 29-31). Brouwer alleges that despite her disability she was qualified to perform the essential functions of the job but she was effectively terminated for her disability and requesting a reasonable accommodation (*Id.* at ¶¶ 32-32; Doc. 12 p, 3-5).

## APPLICABLE LAW AND LEGAL STANDARDS

In analyzing a motion to dismiss for failure to state a claim filed pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must determine whether or not the complaint contains "sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court of Appeals for the Seventh Circuit has explained that "'[p]lausibility' is not a synonym for 'probability' in this context, but it asks for 'more than a sheer possibility that a defendant has acted unlawfully.'" *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015) (quoting *Olson v. Champaign County*, 784 F.3d 1093, 1099 (7th Cir. 2015)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [the] [f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

District courts are required by the Court of Appeals for the Seventh Circuit to review the facts and arguments in Rule 12(b)(6) motions "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

Because the instant suit was filed in Illinois and both parties have applied Illinois law, the Court applies the same. *See Ryerson Inc. v. Fed. Ins. Co.*, 676 F.3d 610, 611–12 (7th Cir. 2012).

## ANALYSIS

The Court must first address the documents attached to Bliss Haven's Motion to Dismiss. Ordinarily, when adjudicating a motion to dismiss under Rule 12(b)(6),

district courts may not consider evidence outside of the pleadings. *See Gen. Elec. Cap. Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). If a district court considers matters outside the pleadings, "the motion must be treated as one for summary judgment" FED. R. CIV. P. 12(d).

However, the Seventh Circuit has acknowledged the incorporation-by-reference doctrine, as an exception to FED. R. CIV. P. 12(d)'s conversion requirement. *See Fin. Fiduciaries, LLC v. Gannett Co.*, 46 F.4th 654, 663 (7th Cir. 2022). Under the incorporation-by-reference doctrine, a district court "may consider documents that are (1) referenced in the plaintiff's complaint, (2) concededly authentic, and (3) central to the plaintiff's claim." *Id.* (citing *Gen. Elec.*, 128 F.3d at 1080-1081; *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002); *see also Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009)). The doctrine prevents a plaintiff from ". . . evad[ing] dismissal under Rule 12(b)(6) simply by failing to attach to his complaint a document that prove[s] his claim had no merit." *Tierney,* 304 F.3d at 738. Even so, the incorporation-by-reference doctrine ". . . is a narrow exception aimed at cases interpreting, for example, a contract. It is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment . . . ." *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998).

In the instant case, Bliss Haven argues that the five documents attached to its motion fall within the incorporation-by-reference doctrine (Doc. 10,¶¶ 16, 22-25). Those documents include: (1) the written job description for the Plaintiff's position as House Manager/Direct Support Person (DSP) (Doc. 10-1); (2) Defendant's Employee Handbook (Doc. 10-2); (3) a Drug and Alcohol Zero Tolerance Policy (Doc 10-3); (4)

Page 4 of 12

Written Warning from Defendant to Plaintiff (Doc. 10-4); and (5) a January 11, 2022 Performance Evaluation (Doc. 10-5).

At this stage, the Court declines to consider any of Bliss Haven's five additional documents. Importantly, the instant case is not a breach of contract case. Likewise, none of the five documents are referenced clearly enough to be incorporated. Further, Bliss Haven merely states that the incorporation-by-reference doctrine applies but offers nothing in support (Doc. 10,¶¶ 16, 22-25). Therefore, the Court will not incorporate any of the documents into its analysis.

**I. COUNTS I & II: Disability Discrimination Under the ADA and IHRA:**

Initially, as Plaintiff Brouwer's response (Doc. 12, p. 2, n.1) notes, the Seventh Circuit has recognized that "[w]hen analyzing claims of discrimination under the [IHRA], Illinois courts have looked to the standards applicable to analogous federal claims." *Luckett v. Human Rights Comm'n*, 569 N.E.2d 6, 14 (Ill. App. Ct. 1989); *Teruggi v. CIT Grp.*, 709 F.3d 654, 659 (7th Cir. 2013) (analyzing IHRA claim just as ADA claim). Thus, Brouwer's IHRA claims will be analyzed under the ADA framework.

The ADA provides that a covered employer shall not "discriminate against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). To successfully establish disability discrimination, a plaintiff must prove that "(1) she is disabled within the meaning of the ADA, (2) she is qualified to perform the essential functions of the job, either with or without a reasonable accommodation, and (3) she suffered from an adverse employment action because of her disability." *Hoppe v. Lewis Univ.*,

692 F.3d 833, 838-39 (7th Cir. 2012) (citing *Nese v. Julian Nordic Const. Co.*, 405 F.3d 638, 641 (7th Cir. 2005)).

Bliss Haven's main argument is that Brouwer failed to plausibly plead the second element of her ADA claim (Doc. 10, ¶¶ 10-19). Bliss Haven contends that Brouwer is not a "qualified individual" within the meaning of the ADA because she is unable to perform the essential functions of her employment position with or without reasonable accommodation. (Doc. 10, ¶¶ 18-19).

Conversely, Brouwer simply recites the second discrimination element claiming that "…she was qualified to perform the essential functions of the job, with or without reasonable accommodation . . ." (Doc. 1, ¶ 34). Further, Brower alleges that she is a "qualified individual" because Bliss Haven hired her while fully aware of her disability and told her that "as long as the doctors think you are okay to work, it's fine" (Doc. 1, ¶¶ 15-21; Doc. 12, p. 4).

A "qualified individual" is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Kauffman v. Petersen Health Care VII, LLC*, 769 F.3d 958, 959 (7th Cir. 2014) (citing 42 U.S.C. § 12111(8)). When determining whether an individual is a "qualified individual," courts consider (1) whether an individual "satisfies the requisite skill, experience, education and other job-related requirements of his employment position, and (2) can perform the essential functions of the position held or desired, with or without reasonable accommodation." *Budde v. Kane Cnty. Forest Pres.*, 597 F.3d 860, 862 (7th Cir. 2010) (citing 29 C.F.R. § 1630.2(m)). Notably, when determining whether a particular duty is an essential

function, courts look at "the employee's job description, the employer's opinion, the amount of time spent performing the function, the consequences for not requiring the individual to perform the duty, and past and current work experiences." *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 819 (7th Cir. 2004) (internal quotations, citations, and alterations omitted).

Although Brouwer claims to be a "qualified individual" she has made no specific allegations in her complaint, or citation to any case law in her response, supporting that she is qualified to perform the essential functions of her job with or without reasonable accommodation. Brouwer conveniently fails to even allege what her job title was, what her job duties were, which duties she could perform, and which duties she could not perform due to her blackouts. Thus, Brouwer fails to satisfy the second element of a claim of discrimination under the ADA. *See Lee v. Chi. Transit Auth.*, 2016 WL 6680483, at *4 (N.D. Ill. Nov. 14, 2016), *aff'd*, 696 F. App'x 752 (7th Cir. 2017) (Affirming the district court's dismissal for failure to state an ADA discrimination claim in part because "Lee's [] complaint fails to allege what his job duties were, which duties he could perform, and which duties he could not perform due to his health issues. The Court is thus left to speculate regarding the essential functions of a Transportation Manager, whether Lee is qualified to perform those functions with or without reasonable accommodation, and what such accommodation might be."); *see also Mack v. Chi. Transit Auth.*, 2020 WL 3414952, at *3 (N.D. Ill. June 22, 2020) ("Because Ms. Mack does not state facts regarding her ability to perform her job's essential functions, she has not properly stated a disability claim under the ADA."); *Robinson v. Ill. Dep't of Hum. Servs.*, 2022 WL 17093390, at 4*

(N.D. Ill. Nov. 18, 2022) (granting Defendant's motion to dismiss because "[p]laintiff's bare allegation that he was qualified to do the essential functions of his position with accommodation is not enough. He does not identify the essential functions of his job or *any* functions of his job other than its title and the facility where he worked."); *Cf. Gogos v. AMS Mech. Sys., Inc.*, 737 F.3d 1170, 1173 (7th Cir. 2013) (finding that the plaintiff adequately plead he was qualified to perform essential functions of his job where he had 45 years of experience as a pipe welder *and* worked for defendant as a welder and pipe fitter for more than one month before being fired).

It is worth noting that Brouwer, later in her complaint, does mention a possible reasonable accommodation – a two-week medical leave (Doc. 1, ¶ 29-34). Brouwer also contends that "[r]egardless of Plaintiff's disability, she was qualified to perform the essential functions of the job, with or without reasonable accommodation" *(Id.* at 34). The latter statement seems to suggest that Brouwer did not need a reasonable accommodation to perform the essential functions of the job. Yet, in her response, she claims retaliation due to requesting an accommodation (Doc 1, p. 5). Regardless, even accepting leave as a reasonable accommodation, Brouwer again fails to explain in any factual detail how the accommodation would have impacted her ability to perform the essential functions of her job.

As stated above, Brouwer must plead facts that are plausible, not just possible. As noted in *Iqbal*, 556 U.S. at 678 (2009), "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" (quoting *Twombly*, 550 U.S. at 570). *See also Tamayo*, 526 F.3d at 1084 (reasoning that a complaint must contain something more than a general recitation of the

elements of the claim). Even viewing Brouwer's allegation in the light most favorable to her she has failed to allege that she is qualified to perform the essential functions of the job, either with or without reasonable accommodation.

Bliss Haven additionally contests the third element of Brouwer's discrimination claim by arguing that Brouwer was not fired because of her disability, but instead for "normal and reasonable employment factors outside of the ADA and IHRA" (Doc. 10, ¶ 32).

To satisfy her pleading requirements, Brouwer must allege sufficient facts to support the claim that her disability was the 'but for' cause of the adverse employment action. *See A.H. by Holzmueller v. Ill. High Sch. Ass'n*, 881 F.3d 587, 593 (7th Cir. 2018). Brouwer alleges that following one of her episodic blackouts, Brouwer provided Bliss Haven with a doctor's note advising Bliss Haven that she was to take a two-week medical leave due to her disability (*Id.* at ¶¶ 29-32). Brouwer contends that immediately after she returned from her medical leave Bliss Haven effectively terminated her for having a disability (*Id.* at ¶¶ 31-34). Taking these allegations as true, and in the light most favorable to Brouwer, they are sufficient at the pleading stage to satisfy the third element in a claim for disability discrimination. *See Gogos*, 737 F.3d at 1173 (finding that the plaintiff had adequately pleaded the third element of disability discrimination when ". . . he assert[ed] that immediately after he reported his medical conditions to his foreman at AMS, the foreman fired him").

In sum, because Brouwer failed to adequality plead the second element of her discrimination claim, her ADA and IHRA disability discrimination claims are dismissed without prejudice.

**II. COUNTS III & IV: Retaliation Under the ADA and IHRA:**

As Brouwer's response notes "[t]he necessary elements for retaliation claims under the [IHRA and ADA] are the same." *See Hoffelt v. Dep't of Human Rights*, 867 N.E.2d 14, 19 (Ill. App. Ct. 2006); *see also Luckett*, 569 N.E.2d at 14. Thus, Brouwer's IHRA retaliation claims are analyzed under the ADA framework.

To indirectly establish a retaliation claim under the burden-shifting framework, Brouwer must establish that: (1) she engaged in statutorily protected activity; (2) she was performing her job satisfactorily; and (3) she was singled out for an adverse employment action that similarly situated employees who did not engage in protected activity did not suffer. *Preddie v. Bartholomew Consol. Sch. Corp.*, 799 F.3d 806, 814 (7th Cir. 2015).

Bliss Haven argues that Brouwer has failed to satisfy the second element of her retaliation claim because she was not performing her job satisfactorily and was terminated due to poor performance and for violations of Bliss Haven's employment policies (Doc, 10, ¶¶ 26-33).

The Court concludes that Brouwer has failed to satisfy the second element of her retaliation claim. In neither Brouwer's complaint nor her response does she allege any facts establishing that she was performing her job satisfactorily. All that Brouwer does is state the element in her response (Doc. 12, p. 5). *Cf. Tamayo*, 526 F.3d at 1085 (finding that plaintiff's complaint alleged enough facts to state a claim of retaliation where plaintiff alleged she had performed her job satisfactorily, she had filed EEOC charges, and was subjected to adverse employment action after her EEOC filing). Unlike in *Tamayo*, Brouwer did not even allege that she was performing her job

satisfactorily. Even under the minimal pleading requirements, Brouwer has failed to meet her burden.

Finally, Bliss Haven contests the third element of Brouwers retaliation claim by arguing that Brouwer was not necessarily singled out for an adverse employment action. Instead, the adverse employment action stemmed from "normal and reasonable employment factors outside of the ADA and IHRA" (Doc. 10, ¶ 32).

As previously discussed, Brouwer has already identified an adverse employment action – termination (Doc. 1, ¶¶ 29-31). Further, Brouwer alleges that Bliss Haven terminated her employment just two weeks after her request for a reasonable accommodation (*Id.*), and that from her first day of work up until her termination Bliss Haven ". . . subjected her to different terms and conditions of employment that others not within her protective class because of her disability" (Doc. 1, ¶ 18). Taking the aforementioned allegations as true, and drawing all inferences in favor of Brouwer, Brouwer has alleged sufficient facts for the Court to conclude that it is at least plausible that Brouwer was singled out and terminated in retaliation for her reasonable accommodation request. Thus, Brouwer has pleaded sufficient facts to establish the third element for her retaliation claim.

In sum, Brouwer has not pleaded sufficient facts to satisfy the second element of her retaliation claim under the ADA. Therefore, Brouwers' ADA and IHRA Retaliation claims are dismissed without prejudice.

## Conclusion

For the reasons set forth above, Defendant Bliss Haven's Motion to Dismiss (Doc. 10) is **GRANTED in part and DENIED in part**. Plaintiff Jennifer Brouwer's

Complaint is **DISMISSED without prejudice**. Brouwer may file an amended complaint on or before April 20, 2023 based on the parameters of this Order or she may file a motion for leave to amend.

**IT IS SO ORDERED.**

**DATED: April 6, 2023**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
